**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ALLEN COSBY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 05-899-GPM** |
| | ) | |
| **BIG MUDDY RIVER CORRECTIONAL** | ) | |
| **CENTER, WARDEN LAMBERT,** | ) | |
| **ASSISTANT WARDEN WICKERSON,** | ) | |
| **INSTITUTION TRUST FUND OFFICE,** | ) | |
| **A B C   S C H O O L   a n d   I L L I N O I S** | ) | |
| **DEPARTMENT OF CORRECTIONS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# <u>MEMORANDUM AND ORDER</u>

**MURPHY, Chief District Judge:**

Plaintiff, currently an inmate in the Big Muddy River Correctional Center, brings this action

for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.  This case is now before

the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event,
> as soon as practicable after docketing, a complaint in a civil action in which a
> prisoner seeks redress from a governmental entity or officer or employee of a
> governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims
> or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief
> > may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such
> > relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any

supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

In this action, Plaintiff claims that for a considerable period of time, he did not receive the full amount of state pay to which he believes he is entitled.  The only constitutional right that might be implicated by these facts is Plaintiff's right, under the Fourteenth Amendment, to be free from deprivations of his property by state actors without due process of law.  To state a claim under the due process clause of the Fourteenth Amendment, Plaintiff must establish a deprivation of liberty or property *without due process of law*; if the state provides an adequate remedy, Plaintiff has no civil rights claim.  *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy).  The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILCS 505/8 (1995).  Accordingly, Plaintiff has no claim under Section 1983.

Plaintiff also filed a motion asking that this action be consolidated with a case he filed in another federal district court, as the filing fee has already been paid in full (Doc. 11).  Essentially, this motion seeks to evade the filing fee due for this action, but "the filing of a complaint (or appeal) is the act that creates the obligation to pay fees," and filing fees must be paid regardless of the disposition of the case. *See Hains v. Washington,* 131 F.3d 1248, 1250 (7th Cir. 1997).  Accordingly, this motion is **DENIED**.

In summary, Plaintiff's complaint does not survive review under § 1915A.  Accordingly, this action is **DISMISSED** with prejudice.  Plaintiff is advised that the dismissal of this action will count

as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

DATED: 07/10/07

s/ *G. Patrick Murphy*
G. Patrick Murphy
Chief United States District Judge